## Commonwealth v. Schugardt

*Peter F. Cianci,* Assistant District Attorney, for Commonwealth.

*Norman E. Dettra,* for defendant.

AUSTIN, J., February 7, 1963.—This case involves a prosecution brought under the Act of August 10, 1959, P. L. 600, sec. 1, 18 PS §4699.10. In familiar parlance, this act is the new "Sunday Blue Law," which prohibits the sale of certain personal property on Sundays and provides that upon conviction thereof on a summary proceeding, defendant for the first offense shall be sentenced to pay a fine not exceeding $100.

The act in question prohibits the sale at retail of ". . . clothing and wearing apparel, clothing accessories . . ." The facts are not in dispute. Defendant, an employe of Two Guys, Inc., sold a hunting jacket in the sporting goods department of the premises of his employer, situate along Route 222 in Cumru Township, Berks County, Pennsylvania, on Sunday, October 21, 1962.

The act, being a penal statute, must be strictly construed against the Commonwealth. At first blush one might conclude that since a hunting jacket is intended to be worn, it falls within the meaning of the word "clothing". To so conclude, however, would be as false in logic as to assume that a beagle hound is the same as a tiger because both are members of the animal kingdom.

The hunting jacket or coat was introduced as an exhibit at the hearing held de novo on appeal properly filed by defendant, and was observed by the hearing judge to be made of canvas. It has large pockets plus appropriate spaces for the carrying of shot-gun cartridges. On the middle of the back is a rectangular plastiscine receptacle intended and designed for the holding of the Pennsylvania hunter's license that gives notice to the world that the person wearing the jacket and engaged in hunting is doing so with the sanction of the law.

This type of equipment does not fit within the meaning of the word "clothing". The hunter, being ever

optimistic, wishes a jacket with extra large and deep pockets to hold the unlucky pheasant or the unwary rabbit that he hopes will fall victim to his skill.

Further, the article in question is very loosely cut and is weather-proof and khaki in color. A mere glance would distinguish it from an ordinary coat designed and intended to be used as wearing apparel.

Of some significance in addition is the fact that the Commonwealth of Pennsylvania under the Selective Sales and Use Tax Act of March 6, 1956, P. L. (1955) 1228, 72 PS §3403-2, requires that a sales tax be collected by the seller on any sale of sporting goods or athletic equipment designed for a particular sport and which are not used or worn when not engaged in that sport.

Thus the Commonwealth has classified for sales tax purposes a hunting jacket as athletic equipment, and sales tax was collected by defendant on this particular sale.

The Commonwealth cannot consistently maintain both positions. The Commonwealth asserts by the Sales and Use Tax that athletic equipment is subject to a sales tax, and such definition includes a hunting jacket. The Commonwealth, therefore, cannot argue with any persuasive effect, that a hunting jacket, classified under one statute as being subject to a sales tax, to which clothing is not subject, should be classified as clothing within the meaning of another and penal statute.

It is of course obvious that cleated football shoes may be worn as shoes and are so worn when one is engaged in that sport, and that spiked baseball shoes are worn when one is playing baseball, but common sense would clearly indicate that no reasonable person would regard either one as being clothing or wearing apparel. It is obvious that such type of tangible personal property is athletic equipment designed for a particular sport.

By the same process of reasoning, a hunting jacket falls into exactly the same classification. It is designed and intended to be worn when engaged in the sport of hunting. It is not clothing or wearing apparel within the meaning of the penal statute that prohibits the sale of certain named articles on Sunday.

The hearing judge on an appeal from conviction of a thing classified as a crime, under the criminal statutes of the State of Pennsylvania, is required to hear the case de novo, and he is further required to give defendant the benefit of any reasonable doubt if such arises fairly and squarely from the evidence heard by him. The justice of the peace, before whom this case was originally heard, did not have the benefit of the briefs on the law submitted in detail by the Commonwealth and by defendant.

Under the evidence and under the law, it is my duty to find this defendant not guilty and so I find.

And now, to wit, February 7, 1963, defendant, Frederick Schugardt, is adjudged not guilty: costs of prosecution on the County of Berks.